UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| GERALD D. LOCKE, SR.,<br><br>Petitioner,<br><br>vs.<br><br>BRENT FLUKE, WARDEN, ATTORNEY GENERAL OF SOUTH DAKOTA,<br><br>Respondents. | 1:23-CV-01013-CBK<br><br>ORDER |

Petitioner was convicted in the Fifth Judicial Circuit, Roberts County, South Dakota, # 54C97000073A0, of kidnapping and escape and was sentenced on March 11, 1997, to consecutive terms of 30 years and 10 years imprisonment. He was also sentenced that date to 40 years imprisonment for manslaughter, # 54C96000366A0. Petitioner did not appeal his convictions and sentences to the South Dakota Supreme Court.

Petitioner attempted to file a *pro se* petition for a writ of habeas corpus in the Fifth Judicial Circuit in 2014, # 54CIV00000016, challenging his convictions and sentences. Counsel was appointed and an amended petition was filed in 2017. The petition was denied on December 30, 2022.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year period of limitations begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

The one-year period of limitations began to run in this case on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final on March 11, 1997. Petitioner did not appeal his convictions or sentences to the South Dakota Supreme Court. The time to do so expired in 1997. He did not seek state court habeas relief until 2014. Seventeen years elapsed between the date his convictions and sentences became final and the date petitioner first attempted to file his state court petition for a writ of habeas corpus. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Accord Boston v. Weber, 525 F.3d 622, 625-26 (8th Cir. 2008). The one-year statute of limitation period is tolled during the time in which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006). The period of limitations was tolled during the eight years his state court petition was pending. However, petitioner's one year period of limitations expired well before he filed his state court petition challenging his convictions and sentences of imprisonment. The federal petition is untimely.

The United States Supreme Court has suggested that when the court acts *sua sponte* in dismissing a habeas petition as untimely, it should give the parties "fair notice and an opportunity to present their positions." Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006). Accordingly,

IT IS ORDERED that petitioner shall, on or before March 30, 2024, set forth cause, if any, why the petition should not be dismissed as untimely. Failure to do so will result in dismissal.

DATED this 9th day of February, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge